36          UNITED STATES ex rel. SCOTT v. MOORE.

Syllabus.                                    [39 App.

No. 385.  Original Docket.  Submitted May 1, 1912.  Decided May 6, 1912.

---

# UNITED STATES EX REL. SCOTT v. MOORE.

---

#### PATENTS; INTERFERENCE; PRIORITY; MANDAMUS.

1. The decision of the Commissioners of Patents sustaining a motion to

dissolve an interference, without an award of priority, leaves no issue between the parties upon which testimony can be taken.

2. A decision by the Commissioner of Patents sustaining a motion to dissolve an interference will be, in a proper case, extended to a formal award of priority, from which an appeal may be taken, bringing up for review all the grounds upon which the award was founded. (Citing *Cosper* v. *Gold,* 36 App. D. C. 302.)

3. Mandamus cannot be made to operate as an appeal or writ of error.

No. 2396.   Submitted May 6, 1912.   Decided May 13, 1912.

HEARING on an appeal from the decision of the Supreme Court of the District of Columbia refusing a writ of mandamus to compel the Commissioner of Patents to set a date for final hearing and times for taking testimony on the question of priority in a dissolved interference proceeding.     *Affirmed.*

The facts are stated in the opinion.

*Mr. Arthur E. Dowell* appeared as *amicus curiæ:*

1. The grant of the mandamus asked for would overthrow the established rules and practice of the Patent Office regarding motions to dissolve.   Rules 122 and 130.

2. If the Commissioner, after dissolving an interference on such a motion, can be compelled to reinstate it and fix times for final hearing on the moot question of priority, and compel the parties to take testimony on the question of priority (which the writ Scott and Scott ask for would require), then rule 122 had better be abrogated, and interferants hereafter saved the expense and delay of going through a useless form of presenting and contesting the motions provided for in said rule.   *Allen* v. *United States,* C. D. 1905, p. 653, 26 App. D. C. 8; *Bate Refrigerating Co.* v. *Sulzberger,* C. D. 1895, p. 233, 70 Off. Gaz. 1633, 157 U. S. 1, 39 L. ed. 601, 15 Sup. Ct. Rep. 508.

3. Appellants' entire case rests upon their assertion that an interference once declared must be decided upon the question of priority, yet rule 126 of the Patent Office distinctly pro-

vides that "the Examiner of Interferences or the Examiners in Chief may, either before or in their decision, on the question of priority, direct the attention of the Commissioner to any matter not relating to priority, which may have come to their notice, and which, in their opinion, establishes the fact that no interference exists, or that there has been irregularity in declaring the same (rule 122), or which amounts to a statutory bar to the grant of a patent to either of the parties for the claim or claims in interference. The Commissioner may, before judgment on the question of priority, suspend the interference and remand the case to the primary examiner for his consideration of the matters to which attention has been directed. From the decision of the examiner, appeal may be taken as in other cases." This rule was cited and approved by this court in *Allen* v. *United States,* 26 App. D. C. 8.

If rules are to be salutary they should be enforced, and he who takes the risk of disregarding or overthrowing well-established rules of the Patent Office and the court must abide the consequences.

4. Nothing is better settled than that the writ of mandamus cannot be used to perform the office of an appeal or writ of error, or granted in any case where there is another adequate remedy. *United States* v. *Duell,* C. D. 1899, 287, 86 Off. Gaz. 995, 172 U. S. 576; *Re Kay,* 189 U. S. 84; *Ex parte Newman,* 14 Wall. 152; *Seymour* v. *United States,* C. D. 1894, 174, 66 Off. Gaz. 1167, 2 App. D. C. 240; *Seymour* v. *United States,* C. D. 1897, 372, 79 Off. Gaz. 509, 10 App. D. C. 567; *Moore* v. *United States,* C. D. 1909, p. 486, 33 App. D. C. 597.

5. Even if Scott is finally refused a patent by the Commissioner and the court in his *ex parte* application, his legal rights are not exhausted, for he could still file a bill in equity under Rev. Stat. § 4915, against the Commissioner. *Allen* v. *United States,* C. D. 1905, p. 650.

6. Mandamus will lie to compel a ministerial officer to do what is required of him by law; but will not lie to reverse his action when taken. *Holloway* v. *Whiteley,* 71 U. S. 522, 18 L. ed. 335; *Decatur* v. *Paulding,* 14 Pet. 515; *Bayard* v. *United*

*States,* 127 U. S. 246, at page 250; *Kirwin* v. *Murphy,* 189 U. S. 55.

7. The function of the writ of mandamus in the law is well settled. It lies simply for the enforcement of the performance of some act or duty required by law to be performed, in the performance of which the applicant for the writ is interested, or by the nonperformance of which he is aggrieved or injured, and when there is no other specific legal remedy. 3 Bl. Com. 110; 4 Bacon, Abr. 495; *Legg* v. *Anapolis,* 42 Md. 203; *Knox County* v. *Aspinwall,* 24 How. 376; *United States* v. *Boutwell,* 17 Wall. 604; *Brownville Taxing Dist.* v. *Loague,* 129 U. S. 493; *Ex parte Pennsylvania Co.* 137 U. S. 451; Morris, J., 79 Off. Gaz. 509, C. D. 1897, pages 373, 374; *Moore* v. *United States,* C. D. 1909, 486, 33 App. D. C. 597; *Drawbaugh* v. *Commissioner of Patents,* C. D. 1896, 535, 77 Off. Gaz. 313, 9 App. D. C. 219; *Seymour* v. *United States,* C. D. 1897, 372, 79 Off. Gaz. 509, 25 Wash. L. Rep. 182; *Hopkinson* v. *Hunter,* C. D. 1896, 1, 74 Off. Gaz. 653; *Anderson & Dyer* v. *Lowry,* decided October 16, 1899, 89 Off. Gaz. 1861, C. D.; 899, pages 230–234.

*Mr. William R. Ballard,* for the appellees:

1. It is contended that the Commissioner is without power to dissolve an interference, on the ground that a party has no right to make the claims, because that question, since the *Podlesak Case,* 26 App. D. C. 399, has been held to be ancillary to the question of priority, and that therefore a final hearing must always be had before the Examiner of Interferences when this question is raised.

The main fallacy in this contention is in the assumption that, because "right to make the claims" is ancillary to the question of priority, it is not also a question of patentability upon which an interference may be dissolved. It was a question of patentability long before it was held to be a question of priority, and by its very nature must continue to be. Claims are continually rejected in *ex parte* applications on the ground that there is no

foundation for them in the disclosure of the specification, and this court has frequently sustained the office in such rejection. *Re Mraz,* 36 App. D. C. 435, 164 Off. Gaz. 978; *Dilg* v. *Moore,* 34 App. D. C. 106, 150 Off. Gaz. 269, and *Re Duncan, Pritchard, & Macauley,* 28 App. D. C. 457, 126 Off. Gaz. 2592, are instances of such cases.

2. If it is held that the interference is in fact dissolved, it is an end of the present controversy. If not dissolved, priority has already been determined by the office.

To send this case back to the Examiner of Interferences, to bring it up through three more decisions on the same question, two of which must be rendered by tribunals which have already passed upon it, would be a most peculiar procedure, and, it is believed, directly contrary to the holding of this court in the *Newcomb Motor Case,* 30 App. D. C. 464, 133 Off. Gaz. 1680.

3. The office of a mandamus is to compel the performance of a plain and positive duty. It is issued upon the application of one who has a clear right to demand such a performance, and who has no other adequate remedy. *Ex parte Cutting,* 94 U. S. 14–20; *International Co.* v. *Lamont,* 155 U. S. 303–308.

4. It is settled by many decisions of this court that in matters which require judgment and consideration to be exercised by an executive officer of the government, or which are dependent upon his discretion, no rule for a mandamus to control his action will issue. It is only for ministerial acts, in the performance of which no exercise of judgment or discretion is required, that the rule will be granted. *Carrick* v. *Lamar,* 116 U. S. 423–426; *Decatur* v. *Paulding,* 14 Pet. 497, 499; *United States* v. *Guthrie,* 17 How. 284; *United States* v. *Commissioner,* 5 Wall. 563; *Litchfield* v. *Register & Receiver,* 9 Wall. 575, 577.

5. Under the present status of the interference, appellants could very speedily have had the question of priority determined by an appeal to this court, under a modified judgment of the Commissioner, as hereinabove suggested, and under the practice recognized by this court in the case of *Cosper* v. *Gold and Gold,* 36 App. D. C. 302, 168 Off. Gaz. 787.

Mr. Chief Justice Shepard delivered the opinion of the Court:

This is an appeal from a judgment dismissing a petition for writ of mandamus. The petitioners moved for judgment notwithstanding the return made to the alternative writ, which was denied, and, having declined to amend or to traverse the return, their petition was dismissed.

It appears that Walter Scott filed an application, December 15, 1904, for a patent for an improvement in printing machines. Applicant died testate, and petitioners qualified as executors of his will. On May 24, 1909, they filed an application as a division of the earlier application of their testator. In this application they copied certain claims of a patent to Bechman, issued March 6, 1906. March 22, 1910, an interference was declared with Bechman with an issue embodying these claims. Bechman moved to dissolve the interference on the ground that petitioners had no right to make the claims. A stipulation in the record recites that the right to make the claims depends on the disclosure of the earlier application, and that the same is indirectly involved in the interference. Petitioners thereby became the senior parties. The motion was sustained by the several tribunals of the office in succession. The decision of the Commissioner dissolving the interference was rendered July 13, 1911.

After this decision the petitioners moved the Examiner of Interferences to set the case down for hearing, and to take testimony for use at such hearing. This was denied, and on regular appeal to the Commissioner he affirmed the action of the tribunals below, on the ground that the interference had been dissolved, without an award of priority. Claiming that it was the plain, imperative duty of the Commissioner to cause the interference to be set down for hearing before the Examiner of Interferences, and that they have no other remedy, petitioners pray a writ of mandamus to compel the performance of that duty.

The effect of the Commissioner's decision sustaining the motion to dissolve the interference put an end to it. There was no longer an issue between the parties upon which testimony could be taken.

Grant that petitioners had no appeal to this court from the order as entered, because there was no award of priority (*Cosper* v. *Gold,* 34 App. D. C. 194–198) ; yet, as stated in the Commissioner's decision, on September 26, 1911, had the petitioners requested that the former decision be extended to a formal award of priority, that order would have been entered, as had been done in *Cosper* v. *Gold,* supra, after the dismissal of the appeal from the former decision holding that the appellant Cosper had no right to make the claims of the interference.   Had the petitioners pursued that course, an appeal could have been taken from the final award of priority, bringing up for review all the grounds upon which the award was founded.   *Cosper* v. *Gold,* 36 App. D. C. 302–307.

Having failed to take this action, and obtain a review of the exercise of the Commissioner's judicial discretion in the manner provided therefor by law, the petitioners now seek a review of his decision by means of mandamus.   Mandamus cannot be made to operate as an appeal or writ of error.

The judgment was right, and will be affirmed, with costs.

*Affirmed.*

An application by the appellants for the removal of the cause to the Supreme Court of the United States, by writ of error, was denied May 30, 1912.